IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CHARLES SMITH**                                                                                **PLAINTIFF**

v.                                                               No. 4:18CV192-JMV

**JODY BRADLEY**
**T. DANIELS**
**WARDEN TOOMEY**
**WARDEN WALKER**
**PELICIA HALL**
**MR. TURNER (CID INVESTIGATOR)**
**LIEUTENANT MILES**
**SGT. FULTON**                                                            **DEFENDANTS**

**MEMORANDUM OPINION**

The plaintiff, an inmate in the custody of the Mississippi Department of Corrections, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether any claims in the present case filed under 42 U.S.C. § 1983 have sufficient merit to proceed. A plaintiff's claim must be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

---

[1] 28 U.S.C. § 1915(g).

The plaintiff alleges that the defendants violated his right to due process by punishing him and other inmates with placement on lockdown for months on end based upon the actions of a few inmates in other units. He also alleges that, due to these extended lockdowns, he was deprived of outdoor recreation, showers, deodorant, haircuts, and soap. For the reasons set forth below, the plaintiff's claims regarding denial of due process will be dismissed with prejudice for failure to state a claim upon which relief could be granted. His claims regarding general conditions of confinement will, however, proceed.

### Mr. Smith's Changing Testimony

Mr. Smith's testimony at his *Spears* hearing was, to say the least, dissembling. He simply would not give a straightforward answer to even the most basic of questions. He testified first that lockdown was "lifted" multiple times during his stay at the Wilkinson County Correctional Facility ("WCCF"); then (after numerous questions from the court) he testified that he stayed on *continuous* lockdown during his entire stay at WCCF (a period from May to September of 2018). Similarly, he alleged that in July he went three weeks without toilet paper (and other hygiene items). However, he testified immediately afterwards that he did not receive *state issue*[2] toilet paper during that time – but nonetheless received sufficient toilet paper from prison guards each time he requested it. He testified that the guards would provide inmates toilet paper from the roll in the guard's bathroom sufficient for one trip to the toilet when inmates required it. Thus, at that point in the hearing, it appeared to the court that Mr. Smith's complaint is that for three weeks the prison failed to properly issue each inmate his own toilet paper roll – forcing him to request toilet paper each time he needed it. At this stage of

---

[2] Mr. Smith testified that prison staff normally passed out state issue toilet paper and hygiene items each Wednesday, though sometimes a day or two later. His testimony centered around a three-week period in July where he received no state-issue hygiene items at all.

proceedings, the court will construe the plaintiff's allegations liberally and proceed as if Mr. Smith alleges that he went three straight weeks without any toilet paper at all. *See Haines v. Kerner*, 404 U.S. 519 (1972) (requiring courts to construe *pro se* pleadings liberally).

### Allegations

The plaintiff, Charles Smith, is an inmate who was housed at WCCF in Woodville, Mississippi during the time relevant to his allegations. When he was transferred into WCCF, the prison was on lockdown – and remained continuously on lockdown until he was transferred to another facility on September 11, 2018. As a result of the continuous lockdown, he was deprived of sufficient outdoor recreation (8 times over 5 months)[3], showers (5 times over 5 months), toilet paper (3 weeks with no toilet paper), and various shorter periods with no soap, deodorant, or haircuts. He told each of the defendants about these problems, but the problems persisted. Some local defendants gave lip service to rectifying the problems, but none did so.

The staff at WCCF stated that the lockdown orders came from Mississippi Department of Corrections outside the facility, while others stated that the orders originated from someone within the facility. Mr. Smith believes that the facility was kept on lockdown because, in his estimation, the current staffing levels within WCCF are insufficient to sustain normal prison operations. He believes that prison staff members prefer lockdown conditions because it makes their jobs easier.

### Due Process in the Prison Context

Under the ruling in *Sandin v. Conner*, 515 U.S. 472 (1995), the plaintiff has not set forth a valid claim for violation of the Due Process Clause or any other constitutional protection. Though

---

[3] Mr. Smith also complains that, due to overstaffing, inmates were left outside in the recreation area for 6 to 7 hours on two occasions, while staying outside for an hour or so on the other 6 occasions.

> [s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.* 115 S. Ct. at 2300 (citations omitted). In *Sandin*, the discipline administered the prisoner was confinement in isolation. The court found that this discipline fell "within the expected parameters of the sentence imposed by a court of law," and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. at 2301 and 2300. Therefore, neither the Due Process Clause itself nor State law or regulations gave rise to a liberty interest providing the constitutional procedural protections afforded prisoners:

(1) Advanced written notice of the claimed violation;
(2) A written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken;
(3) The ability to call witnesses (which can be limited at the discretion of prison officials for security and other reasons);
(4) The ability to present documentary evidence.

*Wolff v. McDonnell*, 418 U.S. 539, 563-567 (1974); s*ee also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In the present case, the plaintiff was placed in isolation over the course of four to five months. Such housing clearly falls "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. As such, the plaintiff's allegations regarding violation of his right to due process are without merit, and they will be dismissed for failure to state a claim upon which relief could be granted.

The plaintiff's claims regarding unconstitutionally harsh general conditions of confinement (insufficient outdoor recreation, showers, toilet paper, soap, deodorant, and haircuts) will, however, proceed.

**Conclusion**

For the reasons set forth above, the plaintiff's claims regarding violation of his right to due process will be dismissed for failure to state a claim upon which relief could be granted. His claims regarding general conditions of confinement, as set forth above, will proceed.

**SO ORDERED**, this, the 18th day of January, 2019.

/s/   Jane M. Virden
UNITED STATES MAGISTRATE JUDGE