# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CHARLES SMITH**                                                                        **PLAINTIFF**

**v.**                                                                                     **No. 4:18CV192-JMV**

**JODY BRADLEY**
**T. DANIELS**
**WARDEN TOOMEY**
**WARDEN WALKER**
**PELICIA HALL**
**MR. TURNER (CID INVESTIGATOR)**
**LIEUTENANT MILES**
**SGT. FULTON**                                                                **DEFENDANTS**

## ORDER TRANSFERRING CASE TO THE
## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI

This matter comes before the court on for consideration of the transfer of this cause. Charles Smith, a *pro se* prisoner, has submitted a complaint alleging unconstitutional conditions of confinement under 42 U.S.C. § 1983. The events giving rise to the instant complaint occurred at the Wilkinson County Correctional Facility ("WCCF") in Woodville, Mississippi. The defendants seek [69] a change in venue.

Venue in this case is determined under the general venue state, 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ...; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Where venue is improper, 28 U.S.C. § 1406(a) requires courts to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision to dismiss or transfer a case lies within the court's discretion. *Dublin v. United States*, 380 F.2d 813, 815 (5th Cir. 1967). Mr. Smith's Complaint and his *Spears* hearing testimony confirm that all the events alleged in this case occurred during his incarceration at WCCF.

This court may not address the issues in the instant complaint because venue lies in Wilkinson County – outside the court's territorial jurisdiction. The federal court which for which venue is proper in this case is the United States District Court for the Southern District of Mississippi, and, in the interest of justice and judicial economy, it is **ORDERED:**

1) That the defendants' motion [69] for a change in venue is **GRANTED**;

2) That this case is **TRANSFERRED** to the United States District Court for the Southern District of Mississippi; and

3) That the Clerk of Court is **DIRECTED** to transfer the complaint and the entire record to the United States District Court for the Southern District of Mississippi;

**SO ORDERED**, this, the 11th day of February, 2020.

/s/   Jane M. Virden
UNITED STATES MAGISTRATE JUDGE